Robert S. **CALVERT**, Comptroller of Public Accounts of Texas, Appellant,

v.

**H. E. BUTT GROCERY COMPANY,** Appellee.

No. 11306.

Court of Civil Appeals of Texas.

Austin.

March 10, 1965.

Rehearing Denied March 31, 1965.

Waggoner Carr, Atty. Gen., H. Grady Chandler, W. E. Allen, Asst. Attys. Gen., Austin, for appellant; Don Bishop, Charles Prock, Austin, Office of the Comptroller of Public Accounts of the State of Texas, of counsel

Sorrell, Anderson, Porter & Stone, Corpus Christi, for appellee.

HUGHES, Justice.

Appellee, H. E. Butt Grocery Company, sued Robert S. Calvert, Comptroller of Public Accounts of Texas, for a refund of taxes paid pursuant to a tax deficiency determination made by the Comptroller as taxes due under the Limited Sales, Excise and Use Tax Act of 1961. Ch. 20, Title 122A, Taxation General, Vernon's Ann.Civ. St. The provisions of Art. 20.10 of such Act prescribing procedure for claiming such refund have been met.

The facts have been stipulated. Briefly, they are that on October 1, 1961, appellee purchased the inventory, furniture, fixtures, equipment and shelving of Central Mercantile, a going grocery business.

The sole issue in the case is whether or not this sale, excluding the inventory, is subject to a tax under the 1961 Limited Sales, Excise and Use Tax Act.

It is the contention of appellee that its purchase was not a retail sale subject to the tax imposed by the Act and, in the alternative, that its purchase was an "occasional sale" under the Act and was exempt from the tax imposed by the Act. Art. 20.01(F) and Art. 20.04(G), V.A.C.S.

Since the purchase by appellee of the furniture, fixtures, equipment and shelving was not for the purpose of reselling such properties in the regular course of the purchaser's, appellee's, continuing grocery business, appellant contends that the sale was a "Retail Sale" or a "Sale at Retail" within the meaning of those terms as used in the Act and is subject to the tax imposed by the Act.

It was stipulated that Central Mercantile was not in the business of selling furniture, fixtures, equipment and shelving and that the sale as made, including the inventory, constituted a sale of its entire grocery business.

Summary judgment was rendered in favor of appellee.

This case is a companion case to our Number 11,305, Calvert, Comptroller v. Marathon Oil Company, 389 S.W.2d 153 this day decided. Appellant has filed in this case a brief identical with the one he filed in Marathon, except for immaterial factual differences. The questions of law presented in and decided by us in Marathon are the same as those presented here. We refer to our opinion in Marathon and adopt the rulings made there as our rulings here.

The brief filed by appellee herein differs in some respects from the brief of appellee in Marathon. We considered such brief in our disposition of that case.

The judgment of the trial court is affirmed.

Affirmed.